**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS M. DURKIN,** ) | **CASE NO. 4:05CV00989** |
| ) | |
|     **Petitioner,** ) | |
| ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **MEMORANDUM** |
| ) | **OPINION AND ORDER** |
|     **Respondent.** ) | |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set-aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court are the Government's Answer and Brief in Response to Petitioner's Motion (Dkt. #5) and Petitioner's Reply Brief (captioned as "Response to Government's Response to 28 U.S.C. § 2255) (Dkt. #6). For the reasons set forth below, Petitioner's motion is **DENIED**.

**I.  BACKGROUND**

The United States Attorney's Office for the Northern District of Ohio filed a twenty count information on December 27, 2001, charging Petitioner with conspiracy, wire fraud, and bank fraud in violation of 18 U.S.C. §§ 371, 1343, and 1344(2), respectively. (Case No. 1:01CR00574, Dkt. #1). On March 12, 2002, Petitioner waived indictment and entered into a Rule 11(e)(1)(C) [now Rule 11(c)(1)(C)][1] written plea agreement under the Federal Rules

---

[1]  The pertinent portion of Rule 11(c)(1)(C) reads:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must

1

of Criminal Procedure, wherein he agreed to plead guilty to the information in return for the Government's agreement on sentencing.

The plea agreement included the following then-mandatory United States Sentencing Guidelines calculations:

a. Pursuant to §3D1.2(d), all counts of conviction are grouped as closely related based on the total amount of loss;
b. The appropriate guideline section for the offenses of conviction is §2F1.1(a), and for this section, the base offense level is 6;
c. Under §2F1.1(b)(2)(Q), there is an increase of 16 levels to the base offense level since the total amount of loss is more than one victim;
d. Pursuant to §2F1.1(b)(2)(B), there is an increase of 2 levels since the offense involved a scheme to defraud more than one victim;
e. Pursuant to §3B1.1(c), there is an increase of 2 levels since the defendant was an organizer or leader of a criminal activity;
f. Pursuant to §3B1.3, there is an increase of 2 levels since the defendant abused a position of trust; and
g. The United States will recommend to the Court that the defendant's offense level be reduced by 3 levels for acceptance of responsibility under §3E1.1(a) and (b)

(Plea Agreement, Dkt. #5 at 3). Petitioner and the government therefore stipulated that the Petitioner would be sentenced at Offense Level 25, Criminal History Category I. (Plea Agreement, Dkt. #5 at 4). At the plea hearing on March 12, 2002, the Court accepted the plea agreement, thereby binding the Court to the stipulated sentencing guideline range. See United States v. Simms, 107 Fed. Appx. 566 (6th Cir.2004). On June 6, 2002, the Court sentenced Petitioner to, *inter alia*, 64 months imprisonment.[2]

---

not participate in these discussions. If the defendant pleads guilty or nolo contendre to either a charged offense or a lesser or a related offense, the plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (**such a recommendation or request binds the court once the court accepts the plea agreement**). (emphasis added).

[2] Also on June 6, 2002, the Court referred the issue of restitution to Magistrate Judge James S. Gallas for proposed findings of fact and recommendation as to

2

On April 18, 2005, Petitioner filed the instant § 2255 motion. In said motion, Petitioner asserts that the Court's application of the above sentencing enhancements under the United States Sentencing Guidelines are "in violation of the 6th Amendment of the United States Constitution" pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Dkt. #1). Additionally, Petitioner asserts that his trial counsel acted ineffectively by (1) failing to object to information regarding said enhancements contained in the presentence report; and (2) failing to file a notice of appeal. (Dkt. #1).

## II. STANDARD OF REVIEW

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984).

Additionally, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). Rather, "sentencing challenges must be made on direct appeal or they are waived." Id. However, "challenges that cannot otherwise be reviewed for the first time on a § 2255

---

disposition. (Case No. 1:01CR00574, Dkt. #15, 16). Judge Gallas issued a report and recommendation on June 24, 2002, which the Court adopted in a July 17, 2002 order. (Case No. 1:01CR00574, Dkt. #18, 19). The amount of restitution is not at issue in the current petition.

3

motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in Strickland v. Washington." Id. (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). As Petitioner raises claims based on United States v. Booker, the Court will first address the applicability of the Supreme Courts decision to the instant petition. The Court will then review those claims in which Petitioner alleges ineffective assistance of counsel.

**III.   ANALYSIS**

*A.   Booker application*

Relying on the Supreme Court's decision in United States v. Booker, Petitioner contends that he "is in the process of serving an illegal sentence that was enhanced on the basis and use [of] mandatory enhancements that were applied in violation" of the Sixth Amendment. (Dkt. #1). Specifically, "[t]he petitioner prays to be sentenced to 6 mos. [sic] or a sentence that would be a reduction from the present sentence imposed in an illegal manner using the Guidelines as 'advisory' rather than 'mandatory.'" (Dkt. #1) (emphasis removed). He further submits that "existing precedent does not definitively answer whether the rule announced in Blakely/Booker applies retroactively." (Dkt. #6) (emphasis removed).

The Booker decision rendered the Sentencing Guidelines as advisory rather than mandatory. Building on that decision, the United States Court of Appeals for the Sixth Circuit determined that Booker does not apply retroactively to cases on collateral review because Booker announced a new rule of criminal procedure. Humphress v. United States, 398 F.3d 855, 860-863 (6th Cir. 2005) (analyzing fully the non-retroactivity of Booker in the context of 2255 petitions; noting the general rule that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become

4

final on direct appeal." ). The majority of circuits have agreed with this position. See, e.g., McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Guzman v. U.S., 404 F.3d 139 (2nd Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam).

Petitioner entered his plea on March 12, 2002. He was sentenced on June 6, 2002, two and a half years before the Supreme Court's decision in Booker. Because a claim of error under Blakely and Booker cannot be raised in a petition on collateral review where the underlying conviction became final prior to the Blakely and Booker decisions, Booker does not apply to the instant motion.

*B.     Waiver*

The government argues that, because Petitioner entered into a plea agreement waiving his right to file any post-conviction motions challenging his guilty plea, Petitioner's present motion under § 2255 is barred. The waiver provision of Petitioner's plea agreement reads:

> [T]he defendant, Thomas M. Durkin, recognizing that in limited circumstances he could have the right to appeal his conviction or the sentence imposed in this case, thereby knowingly, voluntarily, and expressly waives the right to appeal his conviction or sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742, and **further agrees not to contest or otherwise challenge his conviction or sentence in any post-conviction proceeding, including**, but not limited to, **a proceeding under Title 28, United States Code, Section 2255.**

(Plea Agreement, Dkt. #5 at 4) (emphasis added).

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." United States v. McGilvery, 403 F.3d 361, 362 (6th Cir.2005) (quoting United States v. Calderon, 388 F.3d 197, 199 (6th Cir.2004)); (See also United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir.2001)).

5

However, Rule 11 of the Federal Rules of Civil Procedure "requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands, the terms of any appellate-waiver provision in the plea agreement." McGilvery, 403 F.3d at 362 (citing United States v. Murdock, 398 F.3d 491 (6th Cir.2005)).

At the June 6, 2002 sentencing hearing, the Court advised Petitioner of the effect of the plea agreement's waiver provision on his appellate rights. The following Rule 11 colloquy took place:

> THE COURT**:**  All right. Now, you may recall, Mr. Durkin, at the time you entered your plea, **as part of your plea agreement you gave up certain rights to appeal your conviction and sentence and otherwise challenge your conviction or sentence** in any post conviction proceeding, **any habeas corpus petition**, except any punishment imposed in excess of the statutory maximum, which didn't occur, any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing Court, and any alleged miscalculation or error in the defendant's criminal history category.
>
> None of those occurred. But in the waiver that's contained in your plea agreement, it does state to the degree permitted by the Ohio Code of Professional Responsibility, and the Court, **this Court has determined that you do preserve two grounds**. . . the Ohio Supreme Court declared that **it would be a violation of the Ohio Code of Professional Responsibility for counsel to waive either prosecutorial misconduct or ineffective assistance of counsel.**
> \*   \*   \*   \*   \*   \*   \*   \*   \*
> I will, for the record, state to you that you do have the right to appeal on those two limited grounds, because I think you've given up every other ground for attacking your conviction or sentence, either directly by appeal or post conviction relief. But I'm preserving for you the right to challenge your conviction and sentence by way of either ineffective assistance of counsel or prosecutorial misconduct.

(Sentencing Transcript, Case No. 1:01CR574, Dkt. #23 at 29-30) (emphasis added).

6

Although Petitioner's plea agreement does contain a waiver of the right to file post-conviction petitions, it is clear from the Sentencing Transcript that the Petitioner reserved the right to assert an ineffective assistance of counsel claim. Accordingly, this Court rules that Petitioner has not waived the right to bring such claims in the instant § 2255 motion. Therefore, the Court will proceed to review Petitioner's ineffective assistance of counsel claims on their merits in order to determine whether an evidentiary hearing is required in this matter.

C.   *Ineffective Assistance of Counsel*

Petitioner raises two issues concerning ineffective assistance of counsel. First, he asserts that his trial counsel was ineffective for failing to object to the Court's application of sentencing enhancements under the Guidelines in both the presentence report and at the sentencing hearing. Second, Petitioner contends he received ineffective assistance of counsel for his trial counsel's failure to file a notice of appeal. (Dkt. #1).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims. In a successful claim, a criminal defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 688-94. In short, a petitioner must demonstrate both deficient performance and prejudice. Id. at 686.

A petitioner's burden in the context of a guilty plea is the same, except that to prove the second component, he must demonstrate that he would have reached a different decision to plead. O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In other words, the petitioner "must show that there is a reasonable

7

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill at 59. The Supreme Court has also held that a court's review of counsel's performance "must be highly deferential . . . .A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. 668, 689.

### 1. *Counsel's failure to object to sentencing enhancements*

Petitioner contends that "trial counsel should have objected to the sentence and the waiver of the defendant's U.S. Constitutional rights . . .under the theory that any facts that increase a defendant's sentence must be proven to the jury beyond a reasonable doubt." (Dkt. #1 at 5). Petitioner bases his argument on the fact that at the time of his sentencing, the Supreme Court had recently held that "any fact that increases the penalty for a crime above the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 476 (2000). Petitioner further argues that "[p]er United States v. Booker . . . the U.S. Supreme Court held . . . that the GUIDELINES [sic] were 'unconstitutional' [sic] as applied & [sic] stated that same could not be applied in a mandatory manner." (Dkt. #1 at 5).

Petitioner entered into a Rule 11(e)(1)(C) binding plea agreement and pleaded guilty to all twenty counts of the information, including one count of conspiracy, one count of aiding and abetting bank fraud, and eighteen counts of wire fraud. (Dkt. # 5 at 2). According to the Guidelines, the sentencing range for the criminal conduct admitted by Petitioner is 57-71 months. (Dkt. #5). In accordance with the terms of the plea agreement, Petitioner agreed to be sentenced in the middle of that range, at 64 months. The relevant

8

portion of the plea agreement provides:

> 5. If the Court accepts the guideline computation set forth in paragraph 4 above, the defendant will be sentenced at offense level 25. The parties stipulate that, because the defendant has no prior criminal record, he will likely be in Criminal History Category I. At offense level 25, Criminal History Category I, the resulting sentencing range is 57-71 months. **The parties further agree, as a binding recommendation under Rule 11(e)(1)(C), that the defendant will be sentenced to a term of 64 months imprisonment.**

(Dkt. #5)(emphasis added).

Petitioner, by entering the Rule 11(e)(1)(C) plea agreement, "voluntarily exposed himself to a specific punishment" by bargaining for and receiving a specific sentence as part of his guilty plea. United States v. Silva, 413 F.3d 1283, 1284 (10th Cir.2005); see also United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir.2005) ("[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself"). An attorney "cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994).

Petitioner signed his plea agreement, reaffirmed the agreement during the plea hearing, and stated on the record that he had discussed the plea agreement with his attorney and understood its terms. During the plea colloquy, the Court specifically described to Petitioner the nature of his entering into a binding plea agreement.[3] Petitioner entered his guilty plea voluntarily with the full knowledge of the consequences. Accordingly, Petitioner's claim must fail on this issue.

  *2. Counsel's failure to file an appeal*

Petitioner next asserts that his trial counsel acted ineffectively by failing to file a direct

---

[3]  The Court noted that "[s]ince the plea agreement is an 11(e)(1)(C) agreement, the Court is bound by the sentence that is reflected in the plea agreement." (Sentencing Transcript, Case No. 1:01CR00574, Dkt. #23 at 13).

9

appeal on his behalf. The United States Supreme Court has held that "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [where a] particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); Shehee v. U.S., 230 F.3d 1359 (6th Cir. 2000). Neither of the two situations described in Flores-Ortega apply here.

In determining whether a rational defendant would want to appeal, a "highly relevant factor . . . will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Flores-Ortega, 528 U.S. at 480. Other factors include "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Flores-Ortega, 528 U.S. at 480.

In the instant matter, Petitioner expressly waived his right to directly appeal any aspect of his sentence or conviction, except in the following limited circumstances:

> a. Any punishment imposed in excess of the statutory maximum; b. Any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court; and c. Any alleged miscalculation or error of the defendant's Criminal History Category.

(Plea Agreement, Dkt. #5 at 4-5). As discussed above, the Court clarified this appellate waiver provision at Petitioner's June 6, 2002 sentencing hearing, where the following colloquy occurred:

> THE COURT: All right. Now, you may recall, Mr. Durkin, at the time you entered your plea, **as part of your plea agreement you gave up certain rights to appeal your conviction and sentence and**

10

> **otherwise challenge your conviction or sentence** in any post conviction proceeding, **any habeas corpus petition**, **except any punishment imposed in excess of the statutory maximum, which didn't occur**, any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing Court, and any alleged miscalculation or error in the defendant's criminal history category.
>
> **None of those occurred**. But in the waiver that's contained in your plea agreement, it does state to the degree permitted by the Ohio Code of Professional Responsibility, and the Court, **this Court has determined that you do preserve two grounds**. . . the Ohio Supreme Court declared that **it would be a violation of the Ohio Code of Professional Responsibility for counsel to waive either prosecutorial misconduct or ineffective assistance of counsel.**

(Sentencing Transcript, Case No. 1:01CR574, Dkt. #23 at 29-30) (emphasis added). Petitioner did not receive a punishment in the excess of the statutory maximum or constituting an upward departure from the applicable guideline range. Nor was there a miscalculation in the Petitioner's criminal history category. Consequently, Petitioner waived his right to file a direct appeal, with the exception of ineffective assistance of counsel and prosecutorial misconduct. In return for Petitioner's waiver, the Government supported a three-level reduction for acceptance of responsibility and agreed not file any further charges. Petitioner received the sentence he bargained for in the plea agreement.

It follows that the Petitioner was able to request that his trial counsel file a direct appeal on two bases: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct. With regard to the former, the Sixth Circuit generally dismisses such claims when raised for the first time on appeal. See United States v. Gonzales, 929 F.2d 213, 225 (6th Cir. 1991); see also United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir. 1989); United States v. Hill, 688 F.2d 18, 21 (6th Cir. 1982) (per curiam), cert. denied, 459 U.S. 1074 (1982) (Sixth

11

Circuit did not hear defendant's ineffective assistance of counsel claim on direct appeal, as defendant's argument "depended in large part upon matters outside the present record."). Moreover, the Petitioner does not allege that the Government engaged in misconduct during the prosecution of his case.

In any event, a review of the record reveals no evidence that Petitioner attempted to convey to his trial counsel the desire to appeal. See Flores-Ortega, 528 U.S. at 488-89 n.1 (recognizing that counsel may have a duty to file an appeal if requested to do so but implying that a different outcome would result if the petitioner had "waived his right to appeal as part of his plea agreement.") (Souter, J., concurring in part and dissenting in part). The Petitioner does not present any evidence such as an affidavit from defense counsel supporting his assertion that he instructed the filing of an appeal.

Therefore, neither of the two situations giving rise to trial counsel's "constitutionally imposed duty to consult with the defendant about an appeal" occurred. Flores-Ortega, 528 U.S. at 480  As such, trial counsel's actions cannot be deemed unreasonable, and Petitioner's claim of ineffective assistance of counsel on this issue fails.

## IV.  EVIDENTIARY HEARING

Lastly, Petitioner submits that he is entitled to an evidentiary hearing on the issues raised in his § 2255 motion. 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir.1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), *cert. denied*, 465 U.S. 1038 (1984).

Petitioner is not entitled to an evidentiary hearing in the instant matter because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody is **DENIED** and no hearing on the merits is warranted. Therefore, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - January 13, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**